UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lynsey Harper,<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District and Christopher Haynes, in his individual capacity,<br><br>Defendants. | ) | C.A. No. 2:21-cv-01472-DCN-MGB<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff, Lynsey Harper, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual, a woman, and a citizen and resident of Berkeley County, South Carolina.

2. Defendant, Charleston County School District (hereinafter referred to as "District") is a subdivision of the State of South Carolina, located in Charleston County, South Carolina, and employs more than fifteen (15) employees in Charleston County, South Carolina.

3. The Defendant, Christopher Haynes, is an individual, and upon information and belief, is a citizen and resident of Berkeley County, South Carolina, and is hereinafter referred to as "Haynes."

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 because this action is based on 42 U.S.C. § 1983, 2000(d) *et. seq.* and 2000(e) *et. seq.*, as well as 29 C.F.R. § 1604.11(e), a Regulation of the EEOC; and the civil actions alleged in her Complaint

arise pursuant to alleged violations by a State actor of rights, privileges and/or immunities secured to individual citizens of the United States of America by the Constitution of the United States of America, and by 42 U.S.C. § 1983, 2000(d) *et. seq.*, and the Fourteenth (14th) Amendment to the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants, "District" and "Haynes" are situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the unlawful acts and/or wrongful acts and statutory violations giving rise to Plaintiff's claims were all committed within the geographic boundaries of the Charleston Judicial Division.

**FACTS**

6. Plaintiff is a forty (40) year old white female and was employed by the Defendant District

from August of 2016 through June of 2018 as a Science teacher at the Liberty Hill Academy located in the City of North Charleston, Charleston County, South Carolina, at all times relevant to this Complaint.

7. That Liberty Hill Academy is a school operated by the Defendant "District" in Charleston County, South Carolina, and the same Rules of Student Conduct apply to students attending Liberty Hill Academy as students at other schools operated by the Defendant "District," and that the Rules as to what constitutes sexual and racial harassment of employees applies in the same way and with the same definitions of what constitutes sexual and racial harassment of employees as all other schools operated by the Defendant "District" in Charleston County, South Carolina, at all times relevant to this Complaint.

8. That at all times relevant to this Complaint, the Defendant "Haynes" was the Principal of

Liberty Hill Academy.

9. That at all times relevant herein the Defendant "Haynes" was the final decision maker at Liberty Hill Academy with regard to the discipline on-site of students at Liberty Hill Academy, as well as to what level of sexual abuse and harassment, and of racial abuse and harassment, would be tolerated against white female teachers by the students at Liberty Hill Academy, and over what degree of physical force or restraint was allowed to be used by white or black employees of the Defendant "District" at Liberty Hill Academy in disciplining students or defending themselves from verbal and/or physical assault by students at Liberty Hill Academy.

10. That at all times relevant hereto the Defendant "Haynes" was the Supervisor of the Plaintiff.

11. That the Defendant "Haynes" at all times relevant hereto was the Principal of Liberty Hill Academy, exercised substantial control over what level of behavior was acceptable by students and how students were disciplined and substantial control over how referrals of teachers regarding student discipline problems how referrals of teachers for discipline problems were handled, and how female teachers were allowed to be treated by the students at Liberty Hill Academy during school hours while teachers were employed to teach at Liberty Hill Academy.

12. That for the 2017-2018 school year, from August, 2017, through June, 2018, while the Plaintiff was employed at Liberty Hill Academy, and was required by her Contract with the Defendant "District" to be physically at Liberty Hill Academy, there were 1,721 discipline referrals made by employees of Liberty Hill that went unprocessed, including 340 incidents of major discipline during a time period when there were approximately 100 students attending Liberty Hill Academy.

13. That on November 8, 2017, while the Plaintiff was employed at Liberty Hill Academy

and was required by her Contract with the Defendant "District" to be present during school hours at the Liberty Hill Academy, the Defendant "Haynes" sent an email to the Plaintiff at 11:28 P.M. with the subject line of "Discipline Referrals - Closed Out" in the first line of which specifically stated "I just finished closing without action 159 Discipline Referrals."

14. The email that the Defendant "Haynes" wrote to and sent to the Plaintiff on 11-8-2017 at 11:28 P.M., specifically included the words, "I closed all referrals that had not been acted upon from the beginning of the year until October 13th. Any referrals written after that date are still active and will be handled immediately."

15. That from 11-9-17 through the end of the school year in June of 2018, over 1,000 additional discipline referrals went unprocessed by the Defendant Haynes at Liberty Hill Academy, all of which time the Plaintiff was employed at Liberty Hill Academy and required by her Contract with the Defendant "District" to be physically present at the Liberty Hill Academy building while teaching.

16. That during the entire time that Plaintiff was employed by the Defendant "District" to teach at Liberty Hill Academy, during working hours when the Plaintiff was required to be physically present at the Liberty Hill Academy premises in North Charleston, Charleston County, State of South Carolina, the Plaintiff was frequently subject to racial slurs, racial epithets, sexual slurs, sexually derogatory remarks that were hostile, insulting, degrading, and demeaning based on her sex and race, all of which the Plaintiff complained of to the Defendant "Haynes" both in writing by referrals, and verbally to the Defendant "Haynes", and the Defendant "Haynes" either ignored, accepted, took no action on, and/or did not adequately respond to.

17. That the Plaintiff was frequently called a "bitch" by students at Liberty Hill Academy,

during the time she was employed by the Defendant "District" and required by her Contract with the District to be on school premises, and was often told to "Shut the fuck up, fucking bitch. Why don't you go kill yourself bitch, ugly ass bitch?"

18. That the Plaintiff was subjected to disparate terms and conditions, intimidation in the form of sexual and racial harassment, frequently called racial slurs, spoken to in misogynistic language, and often threatened with bodily harm, based on her race and sex on a daily basis by students at Liberty Hill Academy, while the Plaintiff was employed at Liberty Hill Academy during which time the Defendant Haynes did not adequately respond to the Plaintiff's complaints, all of which had the effect of the students continuing and escalating the above behavior to the Plaintiff to the point where the Plaintiff could not take it any more and caused the Plaintiff to seek employment elsewhere.

19. That the above stated sexually and racially hostile behavior of the students at Liberty Hill Academy, during the time that the Plaintiff was required under her contract with the Defendant "District" to be on the Liberty Hill Academy property, was unwelcome conduct towards the Plaintiff, was based on the Plaintiff's race and sex, and was sufficiently pervasive or severe as to alter the conditions of her employment as to create a hostile work environment for the Plaintiff based on her race and sex and cause the Plaintiff to seek employment elsewhere.

20. That the above stated conduct of students at Liberty Hill Academy towards the Plaintiff as

above stated was known to the Defendant "Haynes" or the Defendant "Haynes" had reason to know of such conduct and the Defendant "Haynes" failed to take adequate corrective measures within the Defendant "Haynes'" control.

21. That the above stated conduct of the students at Liberty Hill Academy while the Plaintiff

was required to be physically present by law in the Liberty Hill Academy building was frequent severe, physically threatening, and humiliating, was based on the Plaintiff's race and sex, and substantially interfered with the Plaintiff's ability to perform her work for the Defendant "District."

22. That during the time that Plaintiff was employed by the Defendant "District" and the Plaintiff was required by law to be present on the Liberty Hill Academy premises, the Plaintiff was threatened by a student who asked the School Resource Officer at Liberty Hill Academy for his gun "to shoot this bitch" referring to the Plaintiff. The Plaintiff reported this to the Defendant "Haynes" and the student was back in the Plaintiff's classroom the very next day, which caused the Plaintiff to fear for her physical safety and added to her stress and anxiety.

23. That a reasonable female employee of the Defendant "District" would find it intimidating,

abusive, and/or offensive to be frequently referred to as a "bitch" during the course of her employment with the Defendant "District."

24. That pursuant to the "District's" policy against sexual harassment, a harasser may be a student, and sexual harassment may include name calling, sexual gestures, and derogatory references to a female employee's anatomy or clothing or appearance.

25. That during the time the Plaintiff was employed at Liberty Hill Academy, the Plaintiff was routinely called "bitch" and other words offensive, demeaning, and humiliating to women, as were many other female employees at Liberty Hill Academy during the same time period, a condition that the Defendant "Haynes" knew about and was consciously indifferent to and routinely ignored.

26. That the Defendant "District" and Defendant "Haynes" were aware of or should have

reasonably been aware of the sexually humiliating, offensive, and degrading words and gestures toward the Plaintiff and other female employees of Liberty Hill while the Plaintiff taught at Liberty Hill, but tolerated and/or ignored such words and behavior and failed to reasonably support the Plaintiff, and other female employees at Liberty Hill Academy when the Plaintiff and other female employees were routinely and repeatedly humiliated, offended, and degraded by such behavior.

27. That the above stated behavior of the students that was tolerated and/or ignored by the Defendant "Haynes" so altered and disrupted the Plaintiff's capacity to continue to work at Liberty Hill that the Plaintiff sought work elsewhere and accepted employment for lesser pay at the end of the 2017-2018 school year so she could escape the above stated racial and sexually hostile work environment.

28. That as a direct result of the above stated sexual and racial harassment, the Plaintiff suffered anxiety, stress, physical symptoms of illness, a changed personality, and loss of enjoyment of life, and the aggravation of pre-existing stress and anxiety so that the Plaintiff had to seek medical care and counseling.

29. That while acting under the color of State law, the Defendant "District" and Defendant "Haynes" discriminated against the Plaintiff on the basis of Plaintiff's sex and race, in violation of her right to equal protection and provided for in the 14th Amendment to the United States Constitution and subjected the Plaintiff to a racially and sexually hostile work environment.

30. That while acting under the color of State law as an agent of the Defendant "District" the Defendant "Haynes" discriminated against the Plaintiff by his conscious indifference to and toleration of the sexual and racial harassment of the Plaintiff that took place on the grounds of the Liberty Hill Academy during school hours that the Defendant "Haynes", as the Principal of

Liberty Hill Academy knew or should have known about and took no appropriate measure to end and even left unprocessed 2,194 Disciplinary Referrals during the 2017-2018 school year, during which time the Plaintiff was employed there.

31. That by insufficiently staffing and resourcing Liberty Hill Academy during the 2017-2018

school year, the Defendant "District" contributed substantially to the Defendant "Haynes'" inability and/or refusal to process 2,194 Disciplinary Referrals during the 2017-2018 school year, when the Defendant "District" knew or reasonably should have known that its inadequate staffing and resourcing of Liberty Hill Academy during the 2017-2018 school year would cause the Defendant "Haynes" to be unable to promptly and effectively take remedial action to address harassment of teachers by students at Liberty Hill Academy.

32. That the Defendant "Haynes" had the authority pursuant to his role and job duties as a Principal of Liberty Hill Academy as delegated to him by the Defendant "District" to discipline students who sexually and racially harassed the Plaintiff during the time the Plaintiff as a teacher at Liberty Hill Academy, and Defendant "Haynes" failed to take such prompt and effective action to protect the Plaintiff from the racial and sexual harassment that he knew or reasonably should have known that the Plaintiff was subjected to while teaching at Liberty Hill Academy.

33. That discrimination because of race and sex is prohibited by U.S.C. § 2000(e)(2).

34. That sexual discrimination prohibition includes sexual harassment pursuant to 42 U.S.C. § 2000(e)(k).

35. That the Plaintiff timely filed a Complaint with the South Carolina Human Affairs Commission on all of the above, and on or about May 15, 2019, the Plaintiff was mailed a Notice of Right to Sue by the South Carolina Human Affairs Commission.

36. That the anxiety, stress, nightmares, and physical symptoms of illness that the Plaintiff suffered as a result of the sexual and racial harassment that she was subjected to while teaching at Liberty Hill Academy to which the Defendant "District and "Haynes" failed to properly and effectively respond to, has progressed to the point that the Plaintiff has now had to give up teaching all together and seek an alternative means of supporting herself and earning an income.

**FOR A FIRST CAUSE OF ACTION**
(Racial and Sexual Discrimination in Violation of Title VII of the Civil Rights Act of 1904, as Amended, 42 U.S.C. § 2000e, *et. seq.)*

37. The Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim herein.

38. Title VII prohibits discrimination against any person with respect to her compensation, terms, conditions, or privileges of employment because of a person's race, color, religion, or national origin. 42 U.S.C. § 2000(e)(2).

39. Section 2000(e)(2) prohibits employers such as the Defendant "District" from maintaining work environments that are racially and sexually hostile to employees, such as the Plaintiff.

40. Defendant "District" and Defendant "Haynes", as an agent of the Defendant "District" are

employers covered by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et. seq.*

41. That the Defendant "District" and Defendant "Haynes" knowingly and/or with conscious indifference caused the Plaintiff to have to work in an atmosphere of racial and sexual hostility directed at the Plaintiff because of her race and sex. The racially and sexually hostile work

environment adversely affected the terms and conditions of Plaintiff's employment with the Defendant "District" and violated Plaintiff's rights under 42 U.S.C. § 2000(e)(2)

42. That the sexual and racially hostile work environment so adversely affected the Plaintiff's health to the point that she had to seek employment elsewhere at a lesser pay.

43. That as a direct and proximate result of Defendant "District" and Defendant "Haynes'" conduct in violation of 42 U.S.C. § 2000(e)(2), the Plaintiff has been damaged in that she has lost pay, income, employment opportunities with the Defendant "District", including salary and benefits as well as having been constructively discharged from employment with the Defendant "District" at the end of the 2017-2018 school year in mid to late June of 2018 because of the racial and sexual harassment she suffered in her employment with the Defendant "District" as well as the physical symptoms of illness, anxiety, and stress which have subsequently progressed to the point where the Plaintiff has had to give up all teaching as a profession from that point forward.

44. Defendant "District" and Defendant "Haynes" actions and omissions were intentional, wilful, malicious, and in reckless disregard of Plaintiff's freely protected rights, and Plaintiff is entitled to actual, consequential, and compensatory damages as well as attorney's fees and costs, under U.S.C. § 2000(e)(5)(k) against Defendant "District" and Defendant "Haynes", as well as punitive damages against Defendant "Haynes."

## FOR A SECOND CAUSE OF ACTION

(42 U.S.C. § 1981)

45. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

46. Defendant "Haynes" discriminated against the Plaintiff and interfered with her right to

contract for employment, in violation of 42 U.S.C. § 1981 all on the basis of Plaintiff's race, by subjecting Plaintiff to a racially and sexually hostile work environment, by subjecting her to disparate treatment due to her sex and race, and by constructively discharging the Plaintiff from employment with the Defendant "District" and causing such a deterioration in Plaintiff's physical health and mental well being that she had to give up teaching altogether.

47. That the Defendant "Haynes", was the Principal of Liberty Hill Academy and was the Supervisor of the Plaintiff, so that his actions are those of the Defendant "District" for purposes of the Defendant "District's" liability under 42 U.S.C. § 1981.

48. As a direct and proximate result of the Defendant Haynes' conduct in violation of 42 U.S.C. § 1981, Plaintiff has been damaged in that she has lost her employment with the Defendant "District" including salary and benefits to the point where the Plaintiff had to seek employment at a lesser pay, thereby losing income, and has also reached the point where she can no longer teach anywhere and has lost future income as a result.

49. As a direct and proximate result of Defendant "Haynes'" conduct in violation of 42 U.S.C. § 1981, Plaintiff has been damaged in that she has suffered harassment, stress, anxiety, aggravation of a pre-existing anxiety, physical symptoms of illness and a changed personality as a result of the racial and sexual harassment and disparate racial and sexual harassment she has suffered as a result of Defendant "Haynes" conduct as stated above.

50. Defendant "Haynes" unlawful actions were wilful, malicious, and were in reckless disregard of Plaintiff's protected rights. Plaintiff is entitled to actual, consequential, and compensatory damages, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988 against Defendant "District" and Defendant "Haynes, as well as punitive damage against Defendant "Haynes."

**FOR A THIRD CAUSE OF ACTION**
(42 U.S.C. § 1983)

51. Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

52. While acting under color of State law, the Defendant “District” by and through its agents during the course of their employment with the Defendant “District” and by and through its policy of not adequately staffing and funding Liberty Hill Academy at all times relevant herein, and the Defendant “Haynes”, by not promptly or adequately responding to the Plaintiff’s referrals and complaints of student discipline, while acting under the color of State law, the Defendant, and each of them, discriminated against the Plaintiff on the basis of her race and sex and in violation of her right to equal protection as provided for in the Fourteenth Amendment to the United State Constitution, by subjecting Plaintiff to a racially and sexually hostile work environment.

53. While acting under the color of State law, the Defendant “District” through its Policies and Procedures as above stated, the Defendant “Haynes”, as the Principal of Liberty Hill Academy, and as the Supervisor of the Plaintiff, the actions of both Defendant “District” and Defendant “Haynes” are those of and attributable to that of the Defendant “District” for purposes of Defendant “District’s” liability under 42 U.S.C. § 1983.

54. As a direct and proximate result of Defendant “District” and Defendant “Haynes’” conduct in violation of 42 U.S.C. § 1983 and Plaintiff’s right to equal protection under the Fourteenth Amendment to the United States Constitution, Plaintiff has been damaged in that she has been subjected to a racial and sexually hostile work environment, stress, mental anguish, physical symptoms of illness, and aggravation of pre-existing stress, as well as loss of income and benefits.

55. Defendant "District" and Defendant "Haynes'" unlawful actions as above stated were in reckless disregard of Plaintiff's federally protected rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and the Plaintiff is entitled to actual, consequential, and compensatory damages, as well as reasonable attorney fees and costs under 42 U.S.C. § 1988 against Defendant "District" and Defendant "Haynes" and punitive damages against Defendant "Haynes."

**FOR A FOURTH CAUSE OF ACTION**
(Violation of 29 C.F.R. § 1604.11(e))

56. The Plaintiff repeats all of the above paragraphs as though set forth verbatim herein.

57. That 29 C.F.R. § 1604.11(e) is a regulation of the EEOC that states that "An employee may . . . be responsible for the acts of non-employees, with respect to sexual harassment of employees in the work place, where the employer (or its agents or supervisory employees) know or should have known of the conduct and fails to take immediate and appropriate corrective action."

58. That Circuit Courts have adopted 29 C.F.R. § 1604.11(e) as holding employers liable for actions of non-employees when the employer knew or should have known of harassment and failed to take immediate and appropriate action. In the present case, the employer, the Defendant "District" and Defendant "Haynes" as the Principal of Liberty Hill Academy, and as the Supervisor of the Plaintiff, and as the final decision maker of discipline of students at Liberty Hill Academy the entire time the Plaintiff was a teacher at Liberty Hill Academy knew of, through referrals, and had knowledge of the sexual and racial harassment of the Plaintiff while she was teaching at Liberty Hill Academy, and failed to take action on over 2,000 discipline referrals while the Plaintiff taught there, including those of the Plaintiff, and failed to take

prompt or adequate remedial actions to stop the racial and sexual harassment of the Plaintiff by non-employees of the school (the students), and the Defendant “District” abrogated its responsibility of protecting teachers at Liberty Hill Academy by failing to adequately staff or resource Liberty Hill Academy where the Defendant “District” knew or reasonably should have known that such inadequate staffing and resourcing would lead to the very harm that the Plaintiff suffered.

59. That where, as stated above, the students conduct that sexually and racially harmed the Plaintiff that the Defendant “District” and Defendant “Haynes” failed to adequately or promptly respond to, took place during school hours and on school grounds, during a time and place the Defendant “District” and Defendant “Haynes” had substantial control over the harassers and which the Defendant “District” and Defendant “Haynes” wilfully failed to exercise in an adequate manner, even failing to process during the applicable time, over 2,000 disciplinary referrals.

60. The Defendant “District” and Defendant “Haynes’” unlawful actions, also were intentional, wilful, and in reckless disregard of Plaintiff’s freely protected rights pursuant to 29 C.F.R. § 1604.11(e) and entitles the Plaintiff to compensation, both consequential and compensatory for the physical symptoms of illness, stress, and anxiety, loss of income, loss of enjoyment of life, and adverse change in personality as a direct and proximate result of that unlawful conduct, as well as reasonable attorney fees against both Defendant “District” and Defendant “Haynes”.

WHEREFORE, having fully set forth her allegations against the Defendant “District” and Defendant “Haynes”, Plaintiff respectfully requests the following relief:

1. Compensatory damages for economic loss directly and

proximately caused by Defendants' unlawful conduct, and actions and omissions of the Defendant "District" and Defendant Haynes, and each of them;

2. Compensatory damages for physical symptoms of illness, panic attacks, emotional distress, change in personality, nightmares, nervousness, depression, anxiety, and aggravation of pre-existing anxiety.

3. Punitive damages against Defendant "Haynes".
4. Attorney fees, and costs; and

5. For such other relief as the Court or Jury deems just and proper.

Plaintiff hereby Demands a Jury Trial.

Respectfully submitted,

KOBROVSKY LAW OFFICE, LLC

/s/Lawrence C. Kobrovsky
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Avenue, Suite 7
Charleston, SC 29403
Telephone: (843)853-3703
Facsimile: (843)853-2331
Email: kobrovskyl@bellsouth.net

May 18, 2021

Charleston, South Carolina